**KOLMAR GROUP A.G., Plaintiff,**

v.

**TRAXPO ENTERPRISES PRIVATE LIMITED, a/k/a/ Traxpo Enterprises, et al., Defendants.**

**No. 07 Civ. 10343(LAK).**

United States District Court, S.D. New York.

Sept. 9, 2009.

Anne Casey Levasseur, Charles Edmund Murphy, Kevin John Lennon, Pat-

rick F. Lennon, Lennon, Murphy & Lennon, LLC, New York, NY, for Plaintiff.

Rahul Wanchoo, Law Offices of Rahul Wanchoo, New York, NY, for Defendants.

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, District Judge.

Plaintiff Kolmar Group A.G. ("Kolmar") contracted to purchase a quantity of methanol, F.O.B. Kandla, India, from defendant Traxpo Enterprises Pvt. Ltd. ("Traxpo"), title to the goods to pass upon the loading of the cargo on the vessel. The contract included a provision entitled "Maritime Conditions," which defined the rights and obligations of the parties concerning laytime and demurrage.[1] It contained also a governing law clause specifying the law of England and mutual submissions to the jurisdiction of the High Court of London "without recourse to arbitration."

Kolmar contends that Traxpo breached the contract by failing to supply the cargo as agreed and in other respects. It has instituted two actions in search of remedies. This case was begun in November 2007 and seeks to recover demurrage and deadfreight and to shift expenses to Traxpo, and Kolmar here obtained process of maritime attachment and garnishment ("PMAG") in respect of that claim in the ultimate amount of $580,002.93. It has commenced also an action in the High Court of London where it seeks damages for the non-maritime conditions of the

agreement as well as recovery of the same damages sought here.

Traxpo now moves to vacate the PMAG and to dismiss the complaint.[2] It argues that Kolmar's claims arise from a breach of contract relating to the sale of methanol, that such claims are not maritime in nature, and that the case does not come within the admiralty jurisdiction.

■ To defend the propriety of a Rule B attachment, plaintiff must demonstrate that "(1) it has a valid *prima facie* admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment."[3] The existence of a *prima facie* admiralty claim, moreover, would satisfy the requirement of subject matter jurisdiction based on admiralty, at least at the pleading stage.

■ The only live dispute here concerns whether plaintiff has a valid *prima facie* admiralty claim. Resolution of this question turns on whether the claims asserted are maritime in nature.[4] It is well established that to determine whether a claim is maritime in nature, a court must assess " 'whether the subject matter of the dispute is so attenuated from the business of maritime commerce that it does not implicate the concerns underlying admiralty and maritime jurisdiction.' "[5] When the dispute arises from a contract, the

---

1. Wanchoo Aff. Ex. 1 at 3.

2. The Court treats the motion as being directed to the amended complaint.

3. *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir.2006).

4. *Euro Trust Trading S.A. v. Allgrains U.K. Co.*, No. 09 Civ. 4483, 2009 WL 2223581, at **2–3, 2009 U.S. Dist. LEXIS 64663, at **9–10 (S.D.N.Y. July 24, 2009) (whether plaintiff

has asserted a *prima facie* admiralty claim turns on whether the claim is maritime in nature) (citing *Harley Mullion & Co. Ltd. v. Caverton Marine Ltd.*, No. 08 Civ. 5435, 2008 WL 4905460, 2008 U.S. Dist. LEXIS 101313 (S.D.N.Y. Aug. 7, 2008)).

5. *Folksamerica Reinsurance Co. v. Clean Water of N.Y., Inc.*, 413 F.3d 307, 312 (2d Cir. 2005) (quoting *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 200 (2d Cir.1992) (emphasis omitted)).

court must consider also the "nature and character" of the relevant contract to determine "whether it has reference to maritime service or maritime transactions.'"[6]

 To be sure, a contract for the sale of goods is not converted to a maritime contract merely because the subject goods are transported on a ship.[7] Such a contract, however, may come within a court's admiralty jurisdiction where the claim arises "'from a breach of maritime obligations that are severable from the non-maritime obligations of the contract.'"[8] In line with this principle, "courts have held claims for demurrage to be quintessentially maritime in nature and severable from any underlying purchase and sale agreement."[9]

The claims asserted by Kolmar in this action arise from a sales contract for methanol. But, as the preceding discussion makes clear, that is not the end of the inquiry. The specific claims asserted by plaintiff are for demurrage, vessel shifting, and deadfreight, claims long recognized as maritime in nature and severable from the non-maritime claims. Indeed, as noted in its brief, Kolmar has not sought Rule B attachment of funds related to its claims for the increased sale price of the methanol or for the short delivery of methanol, claims which Kolmar concedes arise purely from the sales contract.[10]

Because Kolmar's complaint is based on the alleged breach of maritime obligations severable from the remainder of the purchase and sale contract, it has stated a valid *prima facie* admiralty claim subject to attachment under Rule B.

Accordingly, defendants' motion is denied in all respects.

SO ORDERED.

---

**6.** *Euro Trust Trading S.A.*, 2009 WL 2223581, at *3, 2009 U.S. Dist. LEXIS 64663, at *11 (citing *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 24, 125 S.Ct. 385, 160 L.Ed.2d 283 (2004) (quotation omitted)).

**7.** *See Aston Agro–Industrial AG v. Star Grain Ltd.*, No. 06 Civ. 2805, 2006 WL 3755156, at *3 (S.D.N.Y. Dec. 20, 2006).

**8.** *Folksamerica*, 413 F.3d at 314 (quoting *Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.*, 230 F.3d 549, 555 (2d Cir.2000)).

**9.** *Euro Trust Trading S.A.*, 2009 WL 2223581, at *4, 2009 U.S. Dist. LEXIS 64663, at **11–12 (so holding, and collecting cases holding that demurrage is maritime in nature).

**10.** Pl. Br. at 5.